UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Juan U. and L.E., | File No. 26-cv-642 (ECT/DLM) |
| Petitioners, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

David L. Wilson and Gabriela Sophia Anderson, Wilson Law Group, Minneapolis, MN, for Petitioners Juan U. and L.E.

Ana H. Voss and Matthew Isihara, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood.

Petitioners Juan U. and L.E., a father and daughter, are Ecuadorian citizens who entered the United States on or about January 8, 2023. Pet. [ECF No. 1] ¶¶ 21, 37–39. "Respondents encountered [Juan and L.E.], processed them, and released them" under Orders of Release on Recognizance, subject to certain conditions. *Id.* ¶ 40; *see* ECF

Nos. 3-1, 3-2.  "Respondents commenced removal proceedings under 8 U.S.C. § 1229a." Pet. ¶ 41.  Juan and L.E. "have been compliant with all conditions of their release," and they "have not committed an offense that might invoke 8 U.S.C. § 1226(c) concerns." *Id.* ¶¶ 44–45; *see also id.* ¶ 114 ("Petitioners were compliant with their Orders for Release on Recognizance.").  "On or about January 25, 2026, Respondents detained [Juan and L.E.]" without an arrest warrant.  *Id.* ¶¶ 43, 76, 113.  On January 25, 2026 when the Petition was filed, Juan and L.E. were "in ICE custody somewhere in Minnesota." *Id.* ¶ 46; *see also id.* ¶ 10 (stating that "Petitioners are detained in this District").  Pursuant to this Court's January 26, 2026 Order, Respondents were "**ENJOINED** from moving [Juan and L.E.] from the District of Minnesota during the pendency of this Petition."  ECF No. 4 at 2. Though the timeline of their movement is unclear, Respondents moved Juan and L.E. to El Paso, Texas, where they are detained.  *See* ECF No. 7 at 2.

Juan and L.E. challenge their detention under 28 U.S.C. § 2241.  Pet. ¶ 6.  They claim they have been wrongly classified as § 1225(b)(2) detainees (who are subject to mandatory detention) rather than § 1226(a) detainees (whose detention is discretionary and who are entitled to bond hearings).  Pet. ¶¶ 47–66; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Juan and L.E., that misclassification and denial of a bond hearing violate their rights under the Fifth Amendment, the Administrative Procedure Act ("APA"), and the Immigration and Nationality Act ("INA") and its implementing regulations.  *See* Pet. ¶¶ 81–107.  In addition, Juan and L.E. assert that their warrantless arrest violates their Fourth Amendment rights. *Id.* ¶¶ 108–17.  They seek a declaration that they are not subject to detention under 8 U.S.C.

2

§ 1225(b)(2), but instead detained pursuant to 8 U.S.C. § 1226(a)(1); a declaration that they are eligible for release; a declaration that 8 U.S. C. § 1226 controls their detention, and that the Executive Office for Immigration Review has the legal authority to conduct a bond redetermination hearing; a declaration that Respondents acted arbitrarily and capriciously, failed to adhere to regulations, and adopted a new policy without undergoing the required notice and comment in violation of the APA; issuance of an order for their immediate release pursuant to their Orders of Release on Recognizance because they were not detained with an arrest warrant, or alternatively, issuance of an order directing Respondents to conduct a bond hearing; and "all further relief this Court deems just and proper." Pet. ¶¶ 78–80 & at 29–30.  In addition, because Juan and L.E. were moved notwithstanding this Court's January 26, 2026 Order enjoining their movement outside of Minnesota, Juan and L.E. request that they be returned "to Minnesota together and released together, as father and daughter."  ECF No. 7; *see* ECF No. 4 at 2.

In their brief response, Respondents acknowledge that the "petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and argue that Juan and L.E.'s Petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025).  See ECF No. 6 at 1.  This raises an issue of statutory interpretation[1] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

---

[1]   To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Juan and L.E.'s Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the

3

Juan and L.E. have shown they have been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Juan and L.E. have lived in the United States for more than two years. *See* Pet. ¶ 39. Their detention falls under § 1226(a) and not § 1225(b)(2).[2]

---

narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

[2]   Respondents do not argue that Juan and L.E. are subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to their detention. *See* ECF No. 6.

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Juan and L.E. allege that they were arrested without a warrant. Pet. ¶¶ 76, 113. And Respondents were ordered to include in their answer "[w]hether the absence of a warrant preceding [Juan and L.E.'s] arrest necessitates [Juan and L.E.'s] immediate release." *See* ECF No. 4 at 2. Respondents have not produced a warrant, nor have they advanced any specific argument that Juan and L.E.'s release is an unwarranted remedy. *See* ECF No. 6.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*,

5

553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[3]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Juan U.'s and L.E.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** that Petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and are instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

---

[3] The resolution of this statutory-interpretation question in Juan and L.E.'s favor makes it unnecessary to address the Petition's remaining grounds.

2.   Respondents shall return Petitioners to Minnesota together as soon as practicable, but not later than 72 hours after entry of this Order.  Respondents shall then release Petitioners from custody together, subject to their existing Orders of Release on Recognizance.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 30, 2026, at 12:50 p.m.        s/ Eric C. Tostrud
                                                                                               Eric C. Tostrud
                                                                                               United States District Court